## STATE, Plaintiff-Appellee, v CREMEANS, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County

No. 3787.  Decided February 16, 1946.

Ralph J. Bartlett, Prosecuting Attorney, Forrest F. Smith, Asst. Pros. Atty., Columbus, for Plaintiff-Appellee.

Frank H. Ward, Columbus, John H. Cooper, Columbus, for Defendant-Appellant.

### OPINION

By HORNBECK, P.J.

The appeal on questions of law is from a judgment and sentence of defendant after his conviction by the trial judge, jury waived, of the offense of burglary and larceny.

Five errors are assigned, four of which are discussed in the brief of appellant. We consider them as therein set forth.

The first assignment of error is that the Court erred in 'refusing to admit certain testimony proffered by the defendant. The first question under this assignment arises

upon the refusal of the trial judge to permit Fred Cremeans, brother of the defendant, to testify by reason of his violation of an order of the Court directing a separation of the witnesses. The order had been violated by the presence of the witness in the court room during the testimony of the defendant. This action of the trial judge is generally held to be within his discretion.

It further appears that the witness was not put upon the stand and although his testimony was proffered, there was no objection to the indication by the Court that he would not permit the testimony to be given. **Dickson v State, 39 Oh St 73; Sabo v State, 119 Oh St 242.** But, had the testimony been accepted as proffered, it is not so material to any essential element of proof in the case as to require a different verdict or, indeed, as to weigh appreciably in favor of the defendant. The proffer of testimony was as follows:

"If permitted to testify, Fred Cremeans would, in substance, say this: That between 10:30 and 11:00 o'clock in the evening of the same day in question, his brother, Clyde Cremeans, met him in company with a girl whom he introduced as Virginia, who was a plump heavy girl; that his brother left the car with him, and he knew nothing more about the matter until it came to his notice in the papers."

It was the testimony of the defendant that on the morning of the burglary, he had, a short time before he was apprehended and arrested, gone in a taxicab with a young woman by the name of Virginia to the vicinity of her home and that after alighting from the cab had walked to a place in front of the Idle Hour Grill, the restaurant which was burglarized, and was awaiting transportation when arrested. That about 9:3 or 10:00 o'clock the night before he had had trouble with his automobile and turned it over to his brother in the south end of Columbus; the burglary was in the northeast part of Columbus. Obviously, the fact that he was with Virginia at 10:30 in the evening before the burglary and that he turned his car over to his brother would only be corroboration of a remote and inconsequential fact as related to the determinative question of the reason for his presence in front of the Idle Hour Grill when apprehended.

The second claim under the first assignment of error relates to the refusal of the trial judge to permit the defendant to testify that he had married during the time when he was an escapee from the jail where he was held pending trial

on the charge of burglary. Defendant was at large for some ten days and the fact that he had escaped was shown by the state. The defendant testified upon inquiry of his counsel by way of explanation of his reason for his escape that,

"Well, me and Mary, that is my wife now, she was pregnant at the time, in a family way, and I wanted to get out there to marry her and I wanted to find this girl that I was up there with, so I would have proof that I had a definite reason to be up there at that time."

The Court refused to permit the witness to elucidate further by showing that he had actually married the woman whom he stated, in the answer as quoted, to be his wife. Obviously, the Court could, within his discretion, have admitted this testimony, but its admission certainly would have been of no such probative effect as to have had any material weight in turning the scales in behalf of the defendant upon the whole record.

Second assignment: the Court erred in finding defendant-appellant guilty on his alleged statements or confession, the same being unsupported or corroborated by other evidence.

Manifestly, there is factual corroboration of some elements of defendant's guilt independent of his admissions or confessions. It was testified that he was apprehended in front of the door of the Idle Hour Grill, and as close to the door as he could get to it in the early morning of the day of the burglary and at the time that he was apprehended another man was in the Idle Hour back of the bar. This, taken with the proof of the proprietor that between the time he closed up the night before and the time he opened up on the morning defendant was arrested, his place of business had been broken into and burglarized, is corroboration that a burglary was committed at the time when and the place where defendant was apprehended.

The third assignment is that the defendant was denied his right under the state and federal constitutions in that the confession was improperly admitted in evidence because it was not voluntary.

There were two confessions on the part of the defendant, the first, on the night of his arrest immediately after his apprehension, the second, at police headquarters upon inquiry by an officer which was reduced to stenographic questions and answers, although not signed. It is the reading of the questions and answers as taken by the stenographer which is made

the subject of the specific assignment of error.

An examination of the record discloses that no objection was made to the testimony of the stenographer. No claim was interposed raising the question of the involuntary character of this confession; that it was brought about by overcoming the will of defendant either by threats or promises or by subjecting him to any undue physical strain.

In one answer the defendant states that Leo Phillips, Sergeant of Detectives, told him, in substance, that he was going to keep him in jail until he would confess and that he had other ways of making him tell. There is direct refutation of his claim that he was at any time interrogated by Mr. Phillips as to the burglary and his part in it. Manifestly, there was no issue made as to the involuntary character of the confession, and if there had been, the testimony of the state's witnesses, if true, completely removed any support for the claim that the defendant was required to admit his guilt against his will.

Finally, if the confession, so-called, as testified by the stenographer would be expunged, there is left the admission by the defendant on the morning of the burglary of his participation in it as a lookout and full explanation of the circumstances under which it was committed, the name, whether false or true, of the second man who was inside the Idle Hour and the presence of the defendant on the outside, all pursuant to a plan evolved by the participants a short time before the commission of the act.

The fourth assignment of error is that the judgment is contrary to law and not sustained by the evidence. The only support the defendant had for his defense was his uncorroborated testimony refuted not only by his own admissions as sworn to by three of the state's witnesses but also by the other incriminating facts developed on behalf of the state. Breese v State, 12 Oh St 146.

There is nothing in this record to require the conclusion that the rights of the defendant in this case were prejudicially affected in any of the particulars set forth in the errors assigned. The judgment will be affirmed.

MILLER and WISEMAN, JJ, concur.